UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WEBB,

        Petitioner,

            v.                        CAUSE NO. 3:26-CV-963-JD-JEM

WARDEN,

        Respondent.

OPINION AND ORDER

James Webb, a prisoner without a lawyer, filed a habeas petition challenging his

conviction for kidnapping under Case No. 47C01-8911-CF-110.[1] Following a jury trial,

on October 17, 1991, the Lawrence Circuit Court sentenced Webb to ninety-six years of

incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss

the petition "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court."

This is not the first time Webb has sought federal habeas relief in connection with

this conviction. He first attempted to obtain habeas relief in *Webb v. Anderson*, 3:99-cv-

170 (N.D. Ind. dismissed July 23, 1999), but the court denied the habeas petition on the

merits. He also attempted to obtain habeas relief in *Webb v. Superintendent*, 2:14-cv-13

(S.D. Ind. dismissed Feb. 3, 2015), but the Southern District of Indiana dismissed the

petition as an unauthorized successive petition. Pursuant to 28 U.S.C. § 2244(b), "[a]

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the
Indiana courts, which are available at https://public.courts.in.gov/mycase/.

district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Seventh Circuit Court of Appeals has not authorized Webb to file a successive petition. To the contrary, the Seventh Circuit denied Webb's petition for such authorization on November 19, 2015, in Case No. 15-3520. Because Webb is seeking to proceed on an unauthorized successive petition, the court dismisses this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Webb a certificate of appealability.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES James Webb a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on July 2, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT